**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, THE COMMONWEALTH OF MASSACHUSETTS, THE STATES OF MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, THE COMMONWEALTH OF VIRGINIA, THE STATES OF WASHINGTON, WISCONSIN, AND THE DISTRICT OF COLUMBIA, *ex rel,* RONALD J. STRECK, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | No. 14 C 9412 |
| ) | |
| v. ) | Judge Leinenweber |
| ) | |
| TAKEDA PHARMACEUTICALS AMERICA, INC., ASTELLAS PHARMA US, INC., ACTAVIS, LLC, BERLEX, INC., BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., CELGENE CORPORATION, DAIICHI SANKYO, INC., ELI LILLY AND COMPANY, FIRST HORIZON PHARMACEUTICAL CORPORATION n/k/a SHIONOGI INC., JOM PHARMACEUTICAL SERVICES, INC., MERCK & CO., INC., ORGANON USA, INC., ROCHE LABORATORIES, INC., SANTARUS, INC., and TEVA PHARMACEUTICALS, USA, INC., ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**THE STATE OF NEW YORK'S STATEMENT OF INTEREST REGARDING RETROACTIVITY OF THE NEW YORK FALSE CLAIMS ACT RAISED IN DEFENDANTS' MOTION TO DISMISS RELATOR'S AMENDED COMPLAINT**

The State of New York submits this statement to address a misstatement of New York law in the motion to dismiss the above-captioned *qui tam* action filed by defendants Eli Lilly and Company and Astellas Pharma US, Inc. (collectively "Defendants") under Rule 12(b)(6) ("Motion to Dismiss") and in Relator Streck's opposition to the Motion to Dismiss. While the State of New York ("New York") chose not to intervene or decline in the aforementioned action as to the claims asserted against Defendants under New York's False Claims Act, State Finance Law § 189 *et seq*. ("NYFCA"), New York, along with other states and the United States, remains the real parties in interest. Accordingly, while New York takes no broader position on the other issues raised in Defendants' Motion to Dismiss or Defendants' motion to dismiss under Rule 12(b)(1), New York opposes dismissal of any New York State claims on the ground that they arose prior to passage of the NYFCA and hereby seeks to correct statements by Defendants and Relator in their respective motions papers regarding New York law.[1]

Defendants state the following in their Motion to Dismiss:

[A]s Streck admitted in *Streck I*[2], twelve of the state FCA statutes were enacted after some or all of the activity alleged in the Amended Complaint. *Streck I*, 894 F. Supp. 2d at 605 (dismissing claims post-dating effective dates of FCAs in these states). Those claims must therefore be dismissed or limited.

---

[1] Although Relator's motion papers agree with the Defendants' interpretation of New York law, New York has since been informed that Relator now assents to the position taken by New York in this Statement of Interest as to retroactivity of the NYFCA and joins New York's rejection of the stipulated dismissal of any pre-April 1, 2007 NYFCA claims.

New York did approach Defendants' counsel to see if the Defendants would also like to revisit their requested dismissal of the pre-passage NYFCA claims. Counsel for the Defendants responded that "defendants are not inclined to concede that the NYFCA may be applied retroactively in this case to conduct occurring prior to its enactment."

[2] *United States ex rel. Streck v. Allergan, Inc., et al.*, 894 F. Supp. 2d 584 (E.D. Pa. 2012) ("Streck I").

(Motion to Dismiss at 35). Defendants then list several states, including New York, and sets forth the date on which their false claims act statutes became effective; for New York, the effective date of the NYFCA is April 1, 2007. Therefore, with respect to the New York claims, Defendants assert that any pre-April 1, 2007 claims under Count XXIII of the Amended Complaint ought to be dismissed. (Motion at 35, fn.23).

Relator's November 6, 2018 Response to Defendants' Rule 12(b)(6) Motion to Dismiss does not correct Defendants' assessment of the applicable time period of certain state law claims, including claims under the NYFCA, and consents to the dismissal, including the dismissal of certain New York state claims, stating "Relator agrees with Defendants on certain points, and stipulated to the dismissal with respect to certain components of his state law claims." (Response at 30).

Both the Defendants and the Relator have misstated New York law with respect to the validity of any pre-April 1, 2007 NYFCA claims. When the New York legislature enacted State Finance Law § 187 et seq., in 2007, it expressly made the act retroactive. 2007 N.Y. Sess. Laws Ch. 58, S.2108-c § 93(5) (Apr. 9, 2007) ("section thirty-nine of this act shall apply to claims filed or presented prior to, on or after April 1, 2007"). The New York Court of Appeals and the federal district courts by whom this issue has been considered, including the United States District Court for the Southern District of New York, the United States District Court for the District of New Jersey, and the United States District Court for the Eastern District of Pennsylvania, have held that the NYFCA applies retroactively. *People ex rel. Schneiderman v. Sprint Nextel Corp.,* 26 N.Y.3d 98, 113, 42 N.E.3d 655 (2015); *United States and the State of New York, ex rel. Kane v. Healthfirst, Inc.,* 120 F. Supp. 3d 370, 397 (S.D.N.Y. 2015); *United States ex rel. Nevyas v. Allergan, Inc.,* No. 09-432, 2015 WL 3429381, *3 (E.D. Pa. May 26, 2015); *United States ex rel. Boise v. Cephalon,*

*Inc.,* No. 08–287, 2015 WL 1724572, *15 (E.D. Pa. Apr. 15, 2015); *United States ex rel. Bilotta v. Novartis Pharmaceuticals Corp*, 50 F. Supp. 3d 497, 540-41 (S.D.N.Y. 2014). *See also United States ex rel. Rahimi v. Zydus Pharm. (USA), Inc.,* No. CV 15-6536-BRM-DEA, 2017 WL 1503986, at *15 (D.N.J. Apr. 26, 2017), on reconsideration in part sub nom. *Rahimi v. Zydus Pharm. (USA) Inc.*, No. CV 15-6536-BRM-DEA, 2018 WL 515943 (D.N.J. Jan. 23, 2018) ("[C]ontrary to Zydus's arguments, both the New York and New Mexico statutes are expressly retroactive."). [3]

Moreover, retroactivity of the NYFCA applies equally to all causes of action under the NYFCA, including reverse false claims. As explained by the court in *Healthfirst*:

> the intent of the New York legislature is clear that the law should be applied retroactively. In the 2013 amendments to the State FCA that codified the "reverse false claims" scheme set forth by the FCA and FERA, the New York State Legislature provided: "[T]he provisions of this act shall apply to any pending cause of action brought pursuant to article 13 of the state finance law, and shall further apply to claims, records, statements or obligations, as defined by section 188 of the state finance law, that were made, used or existing prior to, on or after April 1, 2007." 2013 N.Y. Sess. Laws, Ch. 56, § 83(10). The Legislature included similar language when it first enacted the NYFCA in 2007, *see* 2007 Sess. Laws Ch. 58, §§ 39, 93(5), and when it amended the NYFCA in 2010. *See* 2010 Sess. Laws Ch. 379, § 13.

*Healthfirst,* 120 F.Supp.3d at 397. Consequently, Defendants (and previously Relator) erred in asserting that any pre-April 1, 2007 NYFCA claims must be dismissed as untimely.

With respect to the stipulated dismissal of certain state law claims – including claims brought under New York law that pre-date passage of the NYFCA – New York notes that it was

---

[3] As noted, Defendants' argument in favor of dismissal of the pre-April 1, 2007 NYFCA claims rests entirely upon the 2012 decision of the United States District Court for the Eastern District of Pennsylvania in *Streck I*. That decision has been superseded by two decisions in the Eastern District of Pennsylvania—*United States ex rel. Nevyas v. Allergan, Inc.* and *United States ex rel. Boise v. Cephalon, Inc.*—as well as by the 2015 New York Court of Appeals decision *People ex rel. Schneiderman v. Sprint Nextel Corp.*, all of which were issued more than three years ago and all of which held that the NYFCA is retroactive.

never asked by either party if it would stipulate to the dismissal. As the real party of interest with respect to the NYFCA claims, the New York's consent to dismissal of claims is essential. *See* N.Y. State Fin. Law § 190(5)(a) ("Under no circumstances shall the state or a local government be bound by an act of the person bringing the original action."). The NYFCA applies equally to claims occurring before or after April 1, 2007. Therefore, New York respectfully submits that the Court should reject any claims of a stipulated dismissal of the pre-passage NYFCA claims.

For the reasons set forth above, New York respectfully requests that the Court deny Defendants' motion to dismiss with respect to the pre-April 1, 2007 NYFCA claims as untimely and reject the stipulated dismissal. New York takes no position with regard to Defendants' motions to dismiss upon grounds other than retroactivity of the NYFCA, or Relators' oppositions to same.

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York

By: s/ Hillary G. Chapman
Hillary G. Chapman
Special Assistant Attorney General
Medicaid Fraud Control Unit
New York State Attorney General's Office
28 Liberty Street
New York, New York 10005
(212) 417-5305
Hillary.chapman@ag.ny.gov

Dated: January 22, 2019

CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2019, a true and correct copy of the foregoing THE STATE OF NEW YORK'S STATEMENT OF INTEREST REGARDING RETROACTIVITY OF THE NEW YORK FALSE CLAIMS ACT RAISED IN DEFENDANTS' MOTION TO DISMISS RELATOR'S AMENDED COMPLAINT was caused to be served via the Court's ECF filing system.

                                                                 By: s/ Hillary G. Chapman