**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* RONALD J. STRECK, <br><br> Plaintiffs-Relator, <br><br> v. <br><br> TAKEDA PHARMACEUTICALS AMERICA, INC., *et al.*, <br><br> Defendants. | Case No.: 1:14−cv−09412 <br><br> **Judge Harry D. Leinenweber** |

**ELI LILLY AND COMPANY'S AMENDED PROPOSED JURY INSTRUCTIONS
FOR USE AT CLOSE OF TRIAL**

Defendant Eli Lilly and Company files its Amended Proposed Jury Instructions for use at trial. Lilly has amended certain proposed instructions to reflect the Court's rulings on motions *in limine* and other evidentiary issues at trial. Lilly has also added numbering to the Proposed Jury Instructions to aid the parties' discussion of them. Lilly has identified the instructions that are amended from the versions submitted with the Pretrial Order. Lilly is prepared to discuss these instructions at the Court's convenience.

# TABLE OF CONTENTS

**Page**

INSTRUCTION NUMBER 1 — FUNCTIONS OF THE JURY ................................................. 1

INSTRUCTION NUMBER 2 — ALL LITIGANTS EQUAL BEFORE THE LAW .................. 2

INSTRUCTION NUMBER 3 — EVIDENCE.................................................................................. 3

INSTRUCTION NUMBER 4 — WHAT IS NOT EVIDENCE .................................................... 4

INSTRUCTION NUMBER 5 — NOTE-TAKING ........................................................................ 5

INSTRUCTION NUMBER 6 — CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT.................................................................................................................... 6

INSTRUCTION NUMBER 7 — LIMITED PURPOSE OF EVIDENCE..................................... 7

INSTRUCTION NUMBER 8 — WEIGHING THE EVIDENCE.................................................. 8

INSTRUCTION NUMBER 9 — DIRECT AND CIRCUMSTANTIAL EVIDENCE ................. 9

INSTRUCTION NUMBER 10 — TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)................................................................................................................................... 10

INSTRUCTION NUMBER 11 — REDACTED MATERIALS.................................................. 11

INSTRUCTION NUMBER 12 — NO INFERENCE FROM FILING SUIT............................. 12

INSTRUCTION NUMBER 13 — EXPERT WITNESSES......................................................... 13

INSTRUCTION NUMBER 14 — APPLICABLE TIME PERIOD ........................................... 14

INSTRUCTION NUMBER 15 — FINANCIAL INTEREST (AMENDED FROM PTO)......... 15

INSTRUCTION NUMBER 16 — THE GOVERNMENT (AMENDED FROM PTO) ............. 16

INSTRUCTION NUMBER 17 — BURDEN OF PROOF (AMENDED FROM PTO).............. 17

INSTRUCTION NUMBER 18 — ELEMENTS OF FALSE CLAIMS ACT VIOLATION (AMENDED FROM PTO)......................................................................................................... 18

INSTRUCTION NUMBER 19 — CLAIM .................................................................................. 20

INSTRUCTION NUMBER 20 — FALSE OR FRAUDULENT (AMENDED FROM PTO).... 21

INSTRUCTION NUMBER 21 — FALSITY ALONE INSUFFICIENT TO ESTABLISH LIABILITY................................................................................................................................. 22

INSTRUCTION NUMBER 22 — KNOWINGLY (AMENDED FROM PTO) ......................... 23

INSTRUCTION NUMBER 23 — GOOD FAITH INTERPRETATION ................................... 25

INSTRUCTION NUMBER 24 — NEGLIGENCE DOES NOT SUFFICE (AMENDED FROM PTO)............................................................................................................................................ 26

INSTRUCTION NUMBER 25 — KNOWLEDGE AND REGULATORY COMPLEXITY..... 27

INSTRUCTION NUMBER 26 — MATERIAL ......................................................................... 28

i

INSTRUCTION NUMBER 27 — LOSS TO GOVERNMENT INSUFFICIENT TO FIND MATERIALITY ...................................................................................................... 30

INSTRUCTION NUMBER 28 — MATERIAL TO THE RECIPIENT ..................................... 31

INSTRUCTION NUMBER 29 — PROXIMATE CAUSE ......................................................... 32

INSTRUCTION NUMBER 30 — NUMBER OF VIOLATIONS (AMENDED FROM PTO) .. 33

INSTRUCTION NUMBER 31 — DAMAGES: PREFATORY INSTRUCTION ...................... 34

INSTRUCTION NUMBER 32 — DAMAGES ........................................................................... 35

INSTRUCTION NUMBER 33 — DELIBERATIONS ................................................................ 37

## INSTRUCTION NUMBER 1 — FUNCTIONS OF THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts.

You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) (2017 Ed.) No. 1.01 (verbatim).

**INSTRUCTION NUMBER 2 — ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, Lilly is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

*Sources*: Federal Civil Jury Instructions of the Seventh Circuit (2017)—§ 1.03 (2017 revised) (verbatim); s*ee also U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 2 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("In this case, the Defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person or governmental body.").

## INSTRUCTION NUMBER 3 — EVIDENCE

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Source(s): Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.04 (verbatim) (optional inclusion omitted).

## INSTRUCTION NUMBER 4 — WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source(s): Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.06.

**INSTRUCTION NUMBER 5 — NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.07 (verbatim).

## INSTRUCTION NUMBER 6 — CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.08 (verbatim).

## INSTRUCTION NUMBER 7 — LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.09 (verbatim).

## INSTRUCTION NUMBER 8 — WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.11 (verbatim).

## INSTRUCTION NUMBER 9 — DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.12 (verbatim).

**INSTRUCTION NUMBER 10 — TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Source(s): Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.13 (verbatim).

## INSTRUCTION NUMBER 11 — REDACTED MATERIALS

In some of the documents that you will see in this case, you will notice that parts have been blacked out. In the law, those blacked out parts of documents are called "redactions," and they represent deletions from the documents. Redactions may be necessary for a variety of reasons.

For instance, they may delete private, personal, or otherwise sensitive information or information that raises issues that you are not being asked to decide in this case. I have worked with the parties to make sure that all of the redactions are correct and do not delete anything that you need to reach a full and fair decision in this case. You should not speculate regarding the content or nature of the redacted information, and you are not to draw any inferences from the fact that information was redacted.

11

## INSTRUCTION NUMBER 12 — NO INFERENCE FROM FILING SUIT

The fact that Relator brought a lawsuit and is in court seeking damages creates no inference that he is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Source(s): *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.) (verbatim), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017).

Additional Authority: *Nanology Alpha Llc v. Witec Wissenschaftliche Instrumente Und Technologie Gmbh*, 2018 WL 5077316 (E.D. Tex. 2018) (instructing jury: "The fact that a plaintiff brought a lawsuit in this Court seeking damages creates no inference that the plaintiff is entitled to a judgment. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence."); *Shamberia Necole Smith, v. Kansa Technology, LLC.*, 2018 WL 7048796 (E.D. La. 2018) (instructing jury: "The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence."); *Ross v. M/V Stuttgart Express,* 2012 WL 3247738, (N.D. Cal. 2012) (instructing jury: "The fact that a person brought a lawsuit and is in court seeking damages creates no inference that this person is entitled to a judgment. Anyone may make a claim, and the fact of making that claim does not in any way tend to establish that claim, and is not evidence.").

## INSTRUCTION NUMBER 13 — EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

<u>Source(s)</u>: Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.21 (verbatim).

## INSTRUCTION NUMBER 14 — APPLICABLE TIME PERIOD

Relator's claims in this case are limited to the time period February 2, 2012 to March 31, 2016. You are to determine, considering the various instructions I give you, whether Relator has established that Lilly knowingly violated the False Claims Acts with respect to the conduct that occurred during that time period.

Source(s): *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017) ("Relator may not recover for any violations of the False Claims Act occurring before February 23, 2004 or after June 21, 2006."); *see* Lilly's Motions *in Limine* Nos. 1 and 3; Lilly's Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) (arguing statute of limitations, collateral estoppel, and falsity).


Additional Authority: *U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc. et. al*, No. 2:04-cv-02289, Dkt. No. 402, 2013 WL 10541915 (C.D. Ill. Feb. 3, 2013) (instructing jury: "the plaintiffs claim that they were retaliated against after they advised management at Momence Meadows and government public health officials, on numerous occasions, beginning in early 2000 and continuing through February 2003, when their employment ended, of the inadequate care being provided to residents at Momence Meadows."); *U.S. ex rel. Frank Skinner, v. Armet Armored Vehicles, Inc., et al.*, 2015 WL 6746679 (W.D. Va.) (instructing jury: "The Relator, Frank Skinner, alleges that from 2006 through 2008, Defendants Armet Armored Vehicles, Inc. and William R. Whyte presented or caused to be presented claims against the U.S. Government's Joint Contracting Command, Iraq, when the Defendants knew that their claims were false or fraudulent.").

**INSTRUCTION NUMBER 15 — FINANCIAL INTEREST (AMENDED FROM PTO)**

If Relator succeeds in this lawsuit, he will receive 25 to 30 percent of any money judgment that you award. That amount would be determined by me after you have reached your verdict, if you find that Lilly has committed a violation of the False Claims Act. In reaching your verdict, you may consider Relator's personal financial interest in this lawsuit.

Source(s): *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.) (verbatim), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017); 31 U.S.C. § 3729(b)(1).

Additional Authority: *Solaia Tech. LLC v. Arvinmeritor, Inc.*, 2004 WL 549449, at *2 (N.D. Ill. Jan. 28, 2004) (holding that a potential witness's "financial interest in the outcome of the litigation is clearly relevant to his potential bias"); *U.S. ex rel. Heath v. Dallas/Fort Worth Int'l Airport Bd.*, Case No. 99-cv-00100, Dkt. 312 at 6 (N.D. Tex. 2006) ("If Plaintiff succeeds in her qui tam lawsuit, she will receive a portion of any money judgment awarded to the Government. That amount would be determined by me after you have reached your verdict, if you find that Defendant has committed a violation of the False Claims Act. This amount is not, therefore, a matter for your consideration. In reaching your verdict, you may consider Plaintiffs personal financial interest in this lawsuit as one factor in determining whether she has testified truthfully about any false statement or claims she alleges Defendant made to the Government."); *U.S. ex rel. Karol v. L-3 Communications Vertex Aerospace, LLC*, Case No. 10-cv-00339, Dkt. 304 at 13 (N.D. Tex. Jan. 12, 2016) (similar); *United States v. Gambler,* 662 F.2d 834, 840 (D.C. Cir. 1981) (upholding jury instruction as to bias: "Accordingly, he does have a financial interest in the outcome and you may consider that fact in your consideration and weighing of his testimony just as you consider any interest anybody else may have in the outcome of the case in weighing their testimony."); *see also U.S. ex rel. Koch* v. *Koch Indus. Inc.*, 1999 WL 34591292 (N.D. Okla. 1999) ("[I]n this litigation, the United States is what is called the 'real party in interest,' and will receive 70% to 75% of whatever amount, if any, is awarded. The Plaintiffs are entitled to receive 25% to 30% of any award.").

**INSTRUCTION NUMBER 16 — THE GOVERNMENT (AMENDED FROM PTO)**

At trial and in the Court's instructions you have heard reference to "the government." In this case, the only relevant government agency you should consider is the Department of Health and Human Services (HHS), which includes both the Centers for Medicare and Medicaid Services (CMS) and the Department of Health and Human Services - Office of the Inspector General (HHS-OIG). The knowledge, state of mind, or actions of any other government agency are irrelevant to your deliberations.

Source(s): *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 193 (2016) ("Under any understanding of the concept, materiality look[s] to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation.") (internal quotation marks omitted); *U.S. ex rel. Rockey v. Ear Inst. of Chicago, LLC*, 92 F. Supp. 3d 804, 816 (N.D. Ill. 2015) ("[A] statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed.") (internal quotation marks omitted); *U.S. ex. rel. Thomas v. Siemens AG*, 991 F. Supp. 2d 540, 558 (E.D. Pa. 2014) ("[A]ny reliance [one agency's] contracting officers had placed on [defendant's] disclosures cannot be imputed to [a different agency's] contracting officers"); *U.S. ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 110 (1st Cir. 2016) ("[T]he fundamental inquiry is whether a piece of information is sufficiently important to influence the behavior of the recipient.") (internal quotation marks omitted).

**INSTRUCTION NUMBER 17 — BURDEN OF PROOF (AMENDED FROM PTO)**

Relator must prove the factual basis of the claims is more likely true than not true. This burden of proof is sometimes called the "preponderance of the evidence" standard.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Source(s): Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.27; 31 U.S.C. § 3731; *First Midwest v. City of Chicago*, No. 14-cv-09665, Dkt. 444 (Oct. 26, 2017) (Leinenweber, J.).

## INSTRUCTION NUMBER 18 — ELEMENTS OF FALSE CLAIMS ACT VIOLATION (AMENDED FROM PTO)

In order to sustain Relator's burden of proof for its claims against Lilly, Relator must prove each of the following elements by a preponderance of the evidence:

First, that Lilly made or caused to be made a false claim for payment, a false statement material to a claim for payment, or a false statement material to an obligation to pay money to HHS.

Second, that Lilly "knowingly" made or caused to be made the false claim or statement.

Third, that the false claim or statement was "material" to HHS; and

Fourth, that the false claim or statement proximately caused the alleged Government losses.

If you find that Relator has failed to establish any one of these elements by a preponderance of evidence, then you must return a verdict for Lilly. You may return a verdict for Relator only if he establishes all of these elements by a preponderance of the evidence for each claim or statement submitted.

Source(s): 31 U.S.C. § 3729; *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 24 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("Plaintiffs must prove each of the following elements by a preponderance of the evidence: First: that Amerigroup Illinois, Inc. presented, or caused to be presented, a claim for payment to the State of Illinois and the United States. Second: that the claim presented by Amerigroup Illinois to the State of Illinois, or caused to be presented to the United States, was false, or that Amerigroup Illinois made a false statement to get a false or fraudulent claim paid by the government. Third: that the false statements or claims were made by Amerigroup Illinois 'knowingly'; and Fourth: that the false claim or statement involved facts that were material to the government's payment.").

Additional Authority: Androphy, Federal False Claims Act and Qui Tam Litigation, § 9B.05 (2019) (sample instruction: "In order to sustain Plaintiffs' burden of proof for their claims against Defendant on the theory of submitting false claims and causing false claims to be submitted to the United States [and the State of ___], Plaintiffs must prove each of the following element by a preponderance of the evidence: First, that Defendant presented, or caused to be presented, claims for payment to the United States [or the State of ___]. Second, that the claims presented, or caused to be presented, by Defendant to the United States [or the State of ___] were false, or that Defendant made a false statement to get a false and/or fraudulent claim paid by the United States [or the State of ___]. Third, that the false statements or claims were made by Defendant "knowingly"; and Fourth, that the false claim or statement involved facts that were material to the government's payment decision.") (brackets in orig.); *see also U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999) (listing elements of FCA claim; "An FCA cause of action of this sort requires proof of three elements: (1) the defendant made a record or statement in order to get the government to pay money; (2) the record or statement was false or fraudulent; and (3) the defendant knew it was false or fraudulent."); *Univ. Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 181 (2016) ("A misrepresentation about compliance with a statutory, regulatory, or

contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act.); *U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc. et. al*, No. 2:04-cv-02289, Dkt. No. 402 at 20 (C.D. Ill. Feb. 3, 2013) (Baker, J.) ("To recover on their claim of violation of the False Claims Act, the plaintiffs have the burden of proving each of the following propositions, considering each defendant separately:  First, that the defendant under consideration made or caused to be made claims for government payments for services rendered to residents of the Momence Meadows Nursing Center in one or more of the ways claimed by the plaintiffs; and Second, that the claims were false or fraudulent as I have defined those terms for you; and Third, that the defendant acted knowingly as I have defined that term for you; and Fourth, that the government suffered damages."); *id.* ("[I]f you find from your consideration of all the evidence that any one of the propositions has not been proved, then you should find in favor of the defendant under consideration and against the plaintiffs."); *U.S. ex rel. Prose v. Molina Healthcare of Illinois, Inc.*, 17 F. 4th 732, 745 (7th Cir. 2021) (proximate cause "is an element of an FCA claim" relators must prove for liability and damages); *United States v. Luce*, 873 F.3d 999, 1014 (7th Cir. 2017) (adopting proximate cause standard for FCA cases).

**INSTRUCTION NUMBER 19 — CLAIM**

A "claim" means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States or States have title to the money or property, that is presented to an officer, employee, or agent of the United States.

Source(s): 31 U.S.C. § 3729(b)(2).

**INSTRUCTION NUMBER 20 — FALSE OR FRAUDULENT (AMENDED FROM PTO)**

A claim or statement is false if it is incorrect when made. I have determined in a decision on February 28, 2022 that Lilly's omission of "price increase value" from Lilly's Average Manufacturer Price calculation made Lilly's quarterly AMP submissions false. You will not decide this issue.

Source(s): *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017) ("A claim is 'false' if it is untrue when made."); 3C Fed. Jury Prac. & Instr. § 178:30 ("A claim is 'false' if it is an assertion that is untrue when made or when used.").

Additional Authority: *Harman v. Trinity Ind. Inc.*, Case No. 12-cv-89, Dkt. 584 at 43 (E.D. Tex. Oct. 21, 2014) ("A record or statement is false if it is an assertion that is untrue when made or when used."); *U.S. ex rel. Loughren v. UnumProvident Corp.*, Case No. 03-cv-11699, Dkt. 459 at 196 (D. Mass. Oct. 16, 2008) ("What do I mean by 'false' or 'fraudulent'? A statement is false if it is an assertion of eligibility that is untrue when made or when used. A claim is false if it is untrue when made or when submitted. A claim is fraudulent if it is an assertion that is known to be untrue when made or submitted. The falsity or fraudulence of a claim or the falsity of a statement is determined at the time of the submission of the claim with the making of the statement.").

21

## INSTRUCTION NUMBER 21 — FALSITY ALONE INSUFFICIENT TO ESTABLISH LIABILITY

That a claim or statement is false is insufficient to establish liability under the False Claims Act.

Source(s): *U.S. ex rel. Prose v. Molina Healthcare of Illinois, Inc.*, 17 F.4th 732, 740 (7th Cir. 2021) ("Not all false statements are actionable under the Act. … the relator must establish (1) falsity, (2) causation, (3) knowledge, and (4) materiality."); *United States v. J-M Manufacturing Co., Inc.*, 2013 WL 6253452 (C.D. Cal. Nov. 14, 2013) (instructing jury: "a violation of a regulatory provision or contractual requirement, in the absence of a knowingly false or misleading representation, does not amount to fraud" under the FCA); *U.S. ex rel. Lockyer v. Hawaii Pac. Health Grp. Plan for Emps. of Hawaii Pac. Health*, 343 F. App'x 279, 281 (9th Cir. 2009) ("[T]he FCA requires more than just a false statement—it requires that the defendant knew the claim was false.") (*citing U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 460 (9th Cir. 1999)).

Additional Authority:  *U.S. ex rel. Schutte v. Supervalu Inc.*, 9 F.4th 455, 459, 463 (7th Cir. 2021) (affirming summary judgment for FCA defendants on scienter and noting district court had found for relator on falsity, and holding: "[a] party who submits a false claim to the government is on the hook for FCA liability only if it acted knowingly"); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 832 (7th Cir. 2011) (holding the FCA "does not penalize all factually inaccurate statements, but only those statements made with knowledge of their falsity"); *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 842 (7th Cir. 2018) ("At most, Berkowitz' allegations amount to claims that the defendants made mistakes or were negligent. This alone is insufficient to infer fraud under the FCA."); *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 194 (2016) ("The False Claims Act is not 'an all-purpose antifraud statute,' or a vehicle for punishing garden-variety breaches of contract or regulatory violations."); *U.S. ex rel. Hopper v. Anton,* 91 F.3d 1261, 1265 (9th Cir. 1996) ("It is not the case that any breach of contract, or violation of regulations or law, or receipt of money from the government where one is not entitled to receive the money, automatically gives rise to a claim under the FCA").

**INSTRUCTION NUMBER 22 — KNOWINGLY (AMENDED FROM PTO)**

"Knowingly" means that a person or entity must have actual knowledge that the claim was false; or deliberately ignores facts to avoid confirming a high probability the claim was false; or recklessly disregards facts that would demonstrate to a reasonable person that the claim was false. The term "knowingly" does not require any proof of specific intent to defraud.

A person does not act "knowingly" if his or its misstatement was the result of an innocent mistake or negligence.

A person with "actual knowledge" positively knows something.

A person "deliberately ignores" facts if he or it takes deliberate actions to avoid confirming a high probability of wrongdoing.

A person "recklessly disregards" facts if he or it has a high degree of awareness of the probable falsity of his or its statement. Reckless disregard cannot be established merely by demonstrating that a person was negligent, careless, or foolish.


Source(s): *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 27 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("For the purposes of the False Claims Act, knowledge that the claim was false means that the defendants: 1. had actual knowledge that the claim was false; or 2. acted in deliberate ignorance of the truth or falsity of the statement or document; or 3. acted in reckless disregard of the truth or falsity of the statement or document. No proof that the Defendants had specific intent to defraud the United States or State of Illinois is required. A claim based on the Defendants' good faith interpretation of the contract or good faith belief that the government approved the conduct at issue is not a claim that violates the False Claims Acts."); *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.) (modified), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017); 31 U.S.C. § 3729(b)(1) ("'Knowingly' means that a person or entity must have actual knowledge that the claim was false; or deliberately ignores facts which would demonstrate to a reasonable person that the claim was false; or recklessly disregards facts that would demonstrate to a reasonable person that the claim was false. The term 'knowingly' does not require any proof of specific intent to defraud. A person with 'actual knowledge' positively knows something. Relator may establish that Defendant had actual knowledge through direct or circumstantial evidence, as defined above. A person does not act 'knowingly' if his or its misstatement was the result of an innocent mistake or negligence. A person 'deliberately ignores' facts if he or it deliberately closes his or its eyes to what would otherwise have been obvious to him or it or acts with willful blindness. Knowledge cannot be established merely by demonstrating that a person was negligent, careless, or foolish. A person 'recklessly disregards' facts if he or it has a high degree of awareness of the probable falsity of his or its statement.").

Additional Authority: *U.S. v. King-Vassel*, 728 F.3d 707, 712–13 (7th Cir. 2013) ("[W]e have not found the need to define [reckless disregard] with any more specificity than to say that it does not encompass [i]nnocent mistakes or negligence") (citations omitted); *U.S. ex rel. Lamers v. City of*

*Green Bay,* 168 F.3d 1013, 1018 (7th Cir. 1999) ("[W]e have held that innocent mistakes or negligence are not actionable.") (citation omitted); *Thulin v. Shopko Stores Operating Co., LLC,* 771 F.3d 994, 1000–01 (7th Cir. 2014) (reckless disregard means "grossly negligent"); *Glob.-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 769 (2011) ("[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts," and "require[s] active efforts … to avoid knowing about the infringing nature of the activities."); *U.S. ex rel. Purcell v. MWI,* No. 98-2088, Dkt. No. 506 at 37 (D.D.C. Feb. 23, 2015) ("[S]ometimes the courts describe deliberate ignorance as willful blindness."); *id.* ("[R]eckless disregard is an extreme version of ordinary negligence, and it's often referred to as gross negligence plus.  A defendant that makes a mistake or is negligent without more does not act with reckless disregard.").

## INSTRUCTION NUMBER 23 — GOOD FAITH INTERPRETATION

A claim based on the Defendant's good faith interpretation of the law or good faith belief that the government approved the conduct at issue is not a claim that violates the False Claims Acts.

Source(s):  Modified from *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 27 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("A claim based on the Defendants' good faith interpretation of the contract or good faith belief that the government approved the conduct at issue is not a claim that violates the False Claims Acts.").

### INSTRUCTION NUMBER 24 — NEGLIGENCE DOES NOT SUFFICE (AMENDED FROM PTO)

A defendant does not act "knowingly" if its conduct was the result of an innocent mistake or negligence. In other words, to find that a defendant acted with actual knowledge, deliberate ignorance, or reckless disregard, it is not enough to prove the defendant failed to do what a reasonable person ought to have done.

Source(s): *U.S. ex rel. Marshall v. Woodward, Inc.*, 812 F.3d 556, 561–62 (7th Cir. 2015) ("[K]nowingly false statements do not include those that are the product of '[i]nnocent mistakes or negligence.' . . . Even if [defendant] was generally aware of its quality requirements, it lacked 'knowledge' if the particular false statements were the result of a difference in interpretation or even negligence."); *U.S. ex rel. Sheet Metal Workers Int'l Ass'n, Loc. Union 20 v. Horning Invs., LLC*, 828 F.3d 587, 593 (7th Cir. 2016) ("Innocent mistakes or negligence are not actionable. In the FCA context, the reckless disregard required to show the necessary knowledge is "an extension of gross negligence.") (quotations omitted); *U.S. v. King-Vassel*, 728 F.3d 707, 712–13 (7th Cir. 2013) ("[W]e have not found the need to define [reckless disregard] with any more specificity than to say that it does not encompass [i]nnocent mistakes or negligence"); *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 842 (7th Cir. 2018) ("At most, Berkowitz' allegations amount to claims that the defendants made mistakes or were negligent. This alone is insufficient to infer fraud under the FCA."); *U.S. ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005) ("Tripping up on a regulatory complexity does not entail a knowingly false representation."); *see also U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 122 (2d Cir. 2021) ("[W]idespread negligence and mismanagement" are not sufficient to show FCA scienter); *Barry v. Cboe Glob. Markets, Inc.*, 2022 WL 2965389, at *2 (7th Cir. July 27, 2022) (defining "negligence" as "failure to do what a reasonable person ought to have done"); *see also U.S. ex rel. Schutte v. Supervalu*, 9 F.4th 455, 470 (7th Cir. 2021) ("The FCA establishes liability only for *knowingly* false claims—it is not enough that a defendant suspect or believe that its claim was false.").

**INSTRUCTION NUMBER 25 — KNOWLEDGE AND REGULATORY COMPLEXITY**

Failing to comply with regulatory complexity alone does not entail a knowingly false representation.

Source(s): *U.S. ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005) ("Tripping up on a regulatory complexity does not entail a knowingly false representation."); *see also U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 842 (7th Cir. 2018) (quoting same language).

**INSTRUCTION NUMBER 26 — MATERIAL**

The term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. The facts must indicate that the Department of Health and Human Services ("HHS") actually attached weight to the requirement and relied on compliance with it such that the omission in context significantly affected HHS's actions.

Statutory and regulatory requirements are not automatically material, even if they are labeled conditions of payment. Nor is it sufficient for a finding of materiality that HHS would have the option to decline to pay if it knew of Lilly's alleged noncompliance. What matters is not the label HHS attaches to a requirement, but whether Lilly knowingly violated a requirement that it knows significantly affected HHS's payment decision.

If HHS pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material.

Source(s): 31 U.S.C. § 3729(b)(4) ("The term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."); *U.S. ex rel. Prose v. Molina Healthcare of Illinois, Inc.*, 17 F.4th 732, 740, 743 (7th Cir. 2021) ("The facts must indicate that the government actually attaches weight to that requirement and relies on compliance with it. . . . In short, facts matter. The complaint must include specific allegations that show that the omission in context significantly affected the government's actions."); *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 181 (2016) ("Even when a requirement is expressly designated a condition of payment, not every violation of such a requirement gives rise to liability. What matters is not the label the Government attaches to a requirement, but whether the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision."); *id.* ("[I]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material."); *id.* at 191 ("[S]tatutory, regulatory, and contractual requirements are not automatically material, even if they are labeled conditions of payment."); *id.* at 194 ("A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance. Materiality, in addition, cannot be found where noncompliance is minor or insubstantial.").

Additional Authority: *U.S. ex rel. Kelly v. Serco, Inc*., 846 F.3d 325, 336 (9th Cir. 2017) (failing to satisfy *Escobar* materiality standard under § 3729(a)(1)(A) also fatal to claims under § 3729(a)(1)(G)); *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) ("*Escobar* imposes a materiality requirement" on both express and implied false claim allegations); *United States v. Sanford-Brown, Ltd.*, 840 F.3d 445, 447 (7th Cir. 2016) (no materiality where relator "offered no evidence that the government's decision to pay [defendant] would likely or actually have been different had it known of [defendant's] alleged noncompliance with Title IV regulations"); *United States v. Rogan,* 2006 WL 2860972, at *21 (N.D. Ill. Sept. 29, 2006) ("To prove materiality, the government must prove that it would not have paid that claim for reimbursement had it known about the underlying violation of the law."); *see also U.S. ex rel.*

*Marshall v. Woodward, Inc.*, 812 F.3d 556, 561–62 (7th Cir. 2015) (rejecting FCA claim where "[t]he government learned of [the] plaintiffs' concerns, thoroughly investigated them, and determined that they were meritless," and "continues to buy and use the [product]" after becoming "aware of [defendant's] actual practices"); *U.S. ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 831 (7th Cir. 2011) (no materiality where "the agency failed to take action when it actually learned of the supposed misrepresentation"); *U.S. ex rel. Lusby v. Rolls–Royce Corp.,* 570 F.3d 849, 855 (7th Cir. 2009) ("If the military services knew what they were getting and decided to accept blades that [plaintiff] deems 'inferior' rather than pay a higher price, then [defendant] will prevail on the merits."); *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1019 (7th Cir. 1999) ("Such minor technical violations ... do not give rise to an FCA claim.").

## INSTRUCTION NUMBER 27 — LOSS TO GOVERNMENT INSUFFICIENT TO FIND MATERIALITY

A misrepresentation cannot be deemed material merely because it inflates the amount charged to the Government or causes the Government to be paid less than it is owed.

Source(s): *U.S. ex rel. Lisitza v. Par Pharm. Companies, Inc.*, 276 F. Supp. 3d 779, 797–98 (N.D. Ill. 2017) (rejecting as "untenable" and "expressly" rejected by the Supreme Court the argument "that any misrepresentation that inflates the amount charged to the government is material"); *U.S. ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 491 (3d Cir. 2017) (rejecting argument that materiality is per se satisfied if "the Government would have paid less claims" in the absence of defendant's fraud).

Additional Authority: *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 116 (2d Cir. 2021) ("Set against the backdrop of complex and voluminous regulatory and contractual requirements, 'broad appeals' to the importance of a given regulatory requirement 'cannot clear the rigorous materiality hurdle.'"); *U.S. ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 543-45 (10th Cir.), *cert. denied*, 141 S. Ct. 376 (2020) ("[I]n the complex matrix of Medicare reporting and reimbursement, such broad appeals to the importance of accurate reporting cannot clear the rigorous materiality hurdle. . . .[That] the Government has expressly required accurate reporting as a condition of payment … [is] not dispositive" to establish materiality.).

**INSTRUCTION NUMBER 28 — MATERIAL TO THE RECIPIENT**

In assessing materiality, you should only consider whether the claim or statement was material to the decisionmaking body to which it was addressed. Here, for the alleged false statements and claims to be material, they must have been material to the United States Department of Health and Human Services ("HHS").

The relevant inquiry is not what the Defendant has disclosed to HHS, but what HHS knew at the time, no matter the source.

Source(s): *Univ. Health Servs. v. U.S. ex rel. Escobar*, 579 U.S. 176, 193 (2016) ("[M]ateriality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation."); *U.S. ex rel. Rockey v. Ear Inst. of Chicago*, LLC, 92 F. Supp. 3d 804, 816 (N.D. Ill. 2015) ("[A] statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decisionmaking body to which it was addressed." (quoting *United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008), in turn quoting *Neder v. United States*, 527 U.S. 1, 16 (1999))); *U.S. ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 667 (5th Cir. 2017) ("[T]he relevant [materiality] inquiry is not what [defendant] disclosed, but what [the government] knew at the time it issued the June 17, 2014 memorandum, no matter the source."); *see also* 7/13 Tr. 52:12-13 (the Court stating "I agree" in response to Lilly's counsel stating "The *Escobar* case from the Supreme Court talks about the materiality being driven by the government's payment decision, and it looks to the effect of the likely behavior of the recipient of the alleged representation. That is HHS and CMS at the time throughout the period of this case. It has absolutely nothing to do with the fact that HHS in a non-intervened case involving a different company decided to enter into a settlement to resolve those claims. That can't bear on materiality with respect to a False Claims Act case in a non-intervened case brought against Eli Lilly.").

**INSTRUCTION NUMBER 29 — PROXIMATE CAUSE**

Proximate cause means (1) the conduct must have been a material element and a substantial factor in bringing about the injury, and (2) the injury must have been foreseeable, meaning of a type that a reasonable person would see as a likely result of his or her conduct.

Source(s): *United States v. Luce*, 873 F.3d 999, 1012 (7th Cir. 2017) ("Proximate cause encompasses both cause in fact and legal cause. To establish cause in fact, the plaintiff must show the defendant's conduct was a material element and a substantial factor in bringing about the injury. Legal cause on the other hand, is essentially a question of foreseeability, and we must determine whether the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct.") (quotations omitted); *U.S. ex rel. Prose v. Molina Healthcare of Illinois, Inc.*, 10 F.4th 765, 773 (7th Cir. 2021) ("[T]he pecuniary losses must be 'within the foreseeable risk of harm' that the false statement created.").

**INSTRUCTION NUMBER 30 — NUMBER OF VIOLATIONS (AMENDED FROM PTO)**

If you find that Relator has proved that Lilly has knowingly violated the False Claims Act, then you must identify the number of violations Lilly knowingly committed, if any. The total number of violations is the total number of times Lilly submitted to CMS a knowingly false quarterly AMP submission which was material to HHS under the MDRP. You are instructed that only the quarterly AMP submissions may count as a violation, should you find Relator has proven liability, not the individual AMPs or National Drug Codes within each quarterly AMP submission.

Source(s): Dkt. 457 (denying Relator's Motion *in Limine* No. 1 in its entirety); 7/13/22 Hr'g Tr. 12:4-12 (instructing that violations will be counted based on "quarterly rather than monthly" AMP reports; "So that the actual document, the actual statement upon which the payments are made are quarterly"); 7/29/22 Trial Tr. at 1341:9-19 ("And that's the act of submitting … the actual document which the payment is made. So, I'm going to deny [Relator's] motion and reaffirm what I ruled on in the motion *in limine*."). Adapted from *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 2 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("If you find that Plaintiffs have proved that Defendant or Defendants have violated the False Claims Acts, then you must identify the number of false claims submitted."); *U.S. ex rel. Purcell v. MWI*, Case No. 98-2088, Dkt. 506 at 40 (D.D.C. Feb. 23, 2015) ("Now, if you find that MWI violated the False Claims Act, then you must first identify the number of false claims and/or false records or false statements that MWI knowingly submitted to the government."); *U.S. ex rel. Koch v. Koch Indus. Inc.*, 1999 WL 34591292 (N.D. Okla. 1999) ("If you find that a report about a lease is both a false claim and a reverse false claim, it will only count once for penalty purposes."); 31 U.S.C. § 3729(a)(1).

Additional Authority: *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85, 119 (2d Cir. 2021) ("[A] reverse false claim cannot turn on the same conduct underlying a traditional false claim."); *United States v. Bornstein*, 423 U.S. 303, 307 (1976) (holding that one civil penalty is counted for each "act[] which cause[s] false claims to be presented," regardless of the number of false claims that result, and therefore holding subcontractor liable only for number of false shipments it made, not for number of fraudulent invoices ultimately submitted by prime contractor); *United States v. Krizek*, 192 F.3d 1024, 1027 (D.C. Cir. 1999) (counting false statements by form rather than by number of statements within each form, explaining: "[D]etermining the number of false claims requires nothing more than calculating how many forms actually contained fraudulent entries," and holding that each HCFA 1500 form was a claim, not each individual CPT code on the forms); *U.S. ex rel. Karol v. L-3 Communications Vertex Aerospace, LLC*, Case No. 10-cv-00339, Dkt. 304 at 12 (N.D. Tex. Jan. 12, 2016) ("If you find by a preponderance of the evidence that L-3 Vertex is liable under the False Claims Act, you must specify the number of knowingly fraudulent and material claims it submitted to the United States for payment.").

**INSTRUCTION NUMBER 31 — DAMAGES: PREFATORY INSTRUCTION**

If you find that Relator has proved any of his claims against Lilly, then you must determine what amount of damages, if any, plaintiffs are entitled to recover.

If you find that Relator has failed to prove any of his claims, then you will not consider the question of damages.

Source(s): Modified from *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 2 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("If you find that the plaintiffs have proved any of their claims against any of the defendants, then you must determine what amount of damages, if any, plaintiffs are entitled to recover. If you find that the plaintiffs have failed to prove any of their claims, then you will not consider the question of damages.").

Additional Authority: Seventh Circuit Federal Jury Instructions (2017 Ed.) (2017 Ed.) 1.31 ("If you decide for the defendant[s] on the question of liability, then you should not consider the question of damages."); *First Midwest v. City of Chicago*, No. 1:14-cv-09665, Dkt. No. 444 (Oct. 26, 2017) (Leinenweber, J.) ("If you decide for the defendant on the question of liability, then you should not consider the question of damages.").

**INSTRUCTION NUMBER 32 — DAMAGES**

If you find Relator has proven his claims that Lilly violated the False Claims Act, then the measure of damages is the amount of losses to the Government that were proximately caused by Lilly's knowing violations of the False Claims Act.

Speculation and conjecture cannot form the basis of a damages calculation. However, Relator need not prove an exact amount of damages. It is sufficient for you to reach an approximate amount of damages, based on a just and reasonable inference supported by the evidence.

Your calculation of damages may not include penalties. If you find in favor of Relator, I will determine the amount of penalties to be awarded based on the number of violations that you find.

Source(s):  *U.S. ex rel. Colquitt v. Abbott Labs, et al.*, 2016 WL 10827342 (N.D. Tex.) (modified), *jury instructions and judgments affirmed by* 858 F.3d 365 (5th Cir. 2017) ("The appropriate measure of damages resulting from a violation of the False Claims Act is the difference, if any, between what the United States actually paid for false or fraudulent claims and what it would have paid if a claim had been truthful and accurate. Speculation and conjecture cannot form the basis of a damages calculation. However, relator need not prove an exact amount of damages. It is sufficient for you to reach an approximate amount of damages, based on a just and reasonable inference supported by the evidence."); *United States v. Borseau*, 531 F.3d 1159 (9th Cir. 2008), *cert. denied* 129. S. Ct. 1524 (2009) ("Damages for a reverse false claim consist of the difference between what the defendant should have paid the government and what the defendant actually paid the government."); *Cook Cnty., Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 132 (2003) ("[U]nder the FCA, the jury is open to no such temptation; if it finds liability, its instruction is to return a verdict for actual damages … [and] the court alone sets any separate penalty.").

Additional Authority:  *U.S. ex rel. Absher v. Momence Meadows Nursing Ctr., Inc. et. al*, No. 2:04-cv-02289, Dkt. No. 402 at 20 (C.D. Ill. Feb. 3, 2013) ("If you find in favor of the United States and the State of Illinois on the claims under the False Claims Act, the measure of the government's damages is the amounts it paid out by reason of the false statements over and above what it would have paid if the claims had been truthful."); *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, No. 1:02-cv-06074, Dkt. No. 772 at 2 (N.D. Ill. Oct. 30, 2006) (Leinenweber, J.) ("The measure of the governments' damages is the amount that it paid out by reason of the false statements over and above what it would have paid if the claims would have been truthful."); *United States v. Luce*, 873 F.3d 999, 1012 (7th Cir. 2017) (rejecting "but-for" causation test for FCA damages and holding Relator must prove falsity was the "proximate cause" of government's damages); *U.S. ex rel. Koch v. Koch Industries, Inc.*, 1999 WL 34591292 (N.D. Okla.) (instructing jury: "The Court will calculate the amount of any penalty, but you must first determine the number of violations that occurred."). *United States v. Honeywell Int'l Inc.*, 2021 WL 2493382, at *6 (D.D.C. June 18, 2021) ("If the jury determines that FCA violations did occur, the Court would set the FCA penalty level from within the statutorily prescribed range and multiply that dollar amount by the number of violations."); *First Midwest v. City of Chicago*, No. 1:14-cv-09665, Dkt. No. 444 (Oct. 26, 2017) (Leinenweber, J.) ("Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.");

*Alcazar-Anselmo v. City of Chicago*, 2011 WL 2435967 (2001) (Leinenweber, J.) ("Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork."); *Harman v. Trinity Ind. Inc.*, Case No. 12-cv-89, Dkt. 584 at 46 (E.D. Tex. Oct. 21, 2014) ("As with all of the issues to be addressed by you, the jury, under the False Claim Act, the Plaintiff must prove its damages by a preponderance of the evidence."); *U.S. ex rel. Purcell v. MWI*, Case No. 98-2088, Dkt. 506 at 40-41 (D.D.C. Feb. 23, 2015) ("As with all other elements of the case, the plaintiff must prove by -- prove damages by a preponderance of the evidence."); *United States v. Chen*, No. 2:04-CV-0859, Dkt. 115 at 9 (D. Nev. Feb. 18, 2009) ("If you find for the plaintiff, you must determine the Plaintiffs damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you will find was caused by the Defendant. The measure of the Plaintiffs damages is the amount that it paid by reason of the violations of the False Claims Act over and above what it would have paid if the False Claims Act had not been violated. It is for you to determine what damages, if any, have been proved.").

## INSTRUCTION NUMBER 33 — DELIBERATIONS

When you retire to the jury room to deliberate, you may take with you these instructions and your notes. You may at any time request a specific exhibit that the Court has admitted into evidence. You should select one member of the jury as your presiding juror. That person will preside over the deliberations and will be your representative here in open court.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Source(s): Seventh Circuit Federal Jury Instructions (2017 Ed.) No. 1.32, 1.33, 1.34.